# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

WILLIAM NORTON,                    )
                               )
      Petitioner,        )
                               )
v.                                 )      Civ. A. No. 03-1113-KAJ
                               )
ROBERT GEORGE, et. al.,            )
                               )
      Respondents.       )

## MEMORANDUM OPINION

_____

William Norton.  *Pro se* Petitioner

Gregory E. Smith, Deputy Attorney General, Delaware Department of
Justice, Wilmington, Delaware.  Attorney for Respondents.

_____

October 13, 2005
Wilmington, Delaware



JORDAN, District Judge

## I.      INTRODUCTION

Petitioner William Norton was incarcerated in Delaware when he filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition").  For the reasons set forth below, I will dismiss his Petition.  (D.I. 1.)

## II.     PROCEDURAL AND FACTUAL BACKGROUND

On September 3, 1992, Norton pled guilty in the Superior Court to single counts of third degree burglary, resisting arrest, and second degree criminal trespass.  The Superior Court immediately sentenced him to a term of incarceration, followed by probation, and also ordered him to pay fines, costs, and restitution.  (D.I. 8.)

For almost a decade,  Norton avoided paying the fines, costs, and restitution.  In May 2002, Norton was charged with contempt of court because of his failure to pay the fines and costs.  The Superior Court held contempt of court hearings in October 2002 and January 2003, both of which resulted in contempt of court orders.  Any monies posted as bail were applied to the costs owed.  *Id.*

On September 26, 2003, after conducting another contempt of court hearing, the Superior Court sentenced Norton to 30 days at Level V incarceration, suspended immediately for 1 year at Level IV work release.  The court also ordered Norton to pay $ 100 monthly, and if he continued to make regular payments, he would be discharged from probation.  If he failed to meet any sentencing requirement, he would be returned to court for further sentencing under 11 DEL. C. ANN. § 4104.  (D.I. 9.)

Norton was held at the Howard R. Young Correctional Facility in Wilmington, Delaware, from September 25, 2003 until October 7, 2003. After October 7, 2003, he was transferred to the Sussex Violation of Probation Center in Georgetown, Delaware, where he remained until December 23, 2003. On December 23, 2003, the Superior Court modified Norton's sentence, and immediately suspended his Level V incarceration for Level III supervision. All other aspects of his September 2003 sentence remained the same. (D.I. 8; D.I. 9.)

On December 5, 2003, while he was still at the Sussex Violation of Probation Center, Norton filed in this Court a form Petition for federal habeas relief. (D.I. 1.) The State filed an Answer, asking the Court to dismiss the Petition because Norton did not exhaust state remedies for one claim and because the other three claims are moot. (D.I. 8.)

## III. THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA increases the deference federal courts must give to state court decisions, primarily by imposing procedural requirements and standards to prevent federal habeas 'retrials' and to ensure that state-court

convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S.

685, 693 (2002); *see Woodford*, 538 U.S. at 206.

## A.     Exhaustion And Procedural Default

Absent exceptional circumstances, a federal court cannot grant federal habeas

relief unless the petitioner has exhausted all means of available relief under state law.

28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v.

Connor*, 404 U.S. 270, 275 (1971).   AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears
> that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State;
>     or
>
> (B)(i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the
>     rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a

petitioner to give "state courts one full opportunity to resolve any constitutional issues

by invoking one complete round of the State's established appellate review process."

*O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000); 28

U.S.C. § 2254(c) (A petitioner "shall not be deemed to have exhausted remedies

available ... if he has the right under the law of the state to raise, by any available

procedure, the question presented").   A petitioner must demonstrate that he fairly

presented the habeas claim to the state's highest court, either on direct appeal or in a

post-conviction proceeding.  *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.

1997) (citations omitted);  *Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000).  "'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'"  *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004) (citing *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)).

Generally, if state remedies are still available, a federal court will dismiss without prejudice claims that have not been properly presented to the state courts in order to allow the petitioner to exhaust his claims.  *Lines v. Larkins*, 208 F.3d 153, 159-60 (3d Cir. 2000).  However, it is possible for an unexhausted claim to be barred from further state court review due to state procedural rules.  *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).  Although a petitioner's failure to exhaust remedies for such claims will be excused, the claims are considered to be procedurally defaulted.  *Lines,* 208 F.3d at 160; *Wenger v. Frank,* 266 F. 3d 218, 223 (3d Cir. 2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989).

A federal court may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim.  *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman,* 501 U.S. at 750-51;  *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir. 1992).  To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986).  A petitioner

demonstrates actual prejudice by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494. Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, *Bousley v. United States*, 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

## IV.    DISCUSSION

Norton's Petition asserts four claims: (1) he was not properly represented by counsel at his contempt-of-court hearing; (2) he is being held at Level V even though he finished his 30 days at Level V incarceration two months prior to filing his federal habeas petition; (3) he wants to be transferred to a facility in Wilmington because he would have a better chance of finding employment; and (4) he is being held on work release with no chance of obtaining work. (D.I. 1.)

The State contends that Claims Two, Three, and Four should be dismissed as moot.[1]  The State also contends that the Court should dismiss Claim One because Norton did not exhaust state remedies.

## A.    Claim One is Procedurally Barred

In his first claim, Norton contends that he was not properly represented at his September 2003 contempt of court hearing.  Specifically, he states that his "public defender would not open his mouth." (D.I. 1, at ¶ 12(A).)

Norton admits that he never appealed the contempt of court conviction to the Delaware Supreme Court.  (D.I. 1, at No. 8.)   The record indicates that he never filed a Rule 61 motion in the Superior Court alleging ineffective assistance of counsel, and therefore, he never appealed any denial of a Rule 61 motion to the Delaware Supreme Court.[2]  Consequently, Norton has not exhausted state remedies for this claim.

The State contends that "since Norton is still on probation, [the] Superior Court still has jurisdiction to hear a [Rule 61] motion for post-conviction relief alleging ineffective assistance of counsel." (D.I. 8, at 4.)  Rule 61(a)(1) states, in pertinent part:

> This rule governs the procedure on an application by a person in custody or subject to future custody under a sentence of this court seeking to set aside a judgment of conviction ...

_____

[1]The issue of mootness differs from the issue of custody.  Norton satisfies the "in custody" requirement of 28 U.S.C. § 2254 because he was "incarcerated ... at the time the petition was filed, which is all the "in custody" provision of 28 U.S.C. § 2254 requires." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

[2]In Delaware, the proper method for asserting an ineffective assistance of counsel claim is via a motion for post-conviction relief filed pursuant to Delaware Superior Court Criminal Rule 61.  *Russo v. Snyder*, 2000 WL 52158, at *5 (D. Del. Jan. 6, 2000).

Del. Super. Ct. Crim. R. 61. However, the State made this contention in March 2004,

and the record indicates that Norton's one year of probation was scheduled to expire in

September 2004. If Norton is no longer "in custody or subject to future custody under a

sentence of" the Superior Court, then he cannot assert this claim via a Rule 61 motion.

Therefore, at this point in time, it appears that Norton is precluded from seeking further

state court review for this issue.[3]

Because Norton cannot obtain further state court review of this claim, his failure

to exhaust state remedies is excused. Nevertheless, the claim is still procedurally

defaulted, and I can only review its merits if Norton establishes cause for his procedural

default and actual prejudice resulting therefrom.

Norton has not alleged, and I cannot discern, that any external impediment

prevented him from presenting this claim initially to the Superior Court via a Rule 61

motion, and thereafter, appealing any decision to the Delaware Supreme Court.

---

[3]If I am incorrect in this conclusion, then this claim is unexhausted but not
procedurally defaulted, meaning that the claim would not be procedurally barred from
federal habeas review. Nevertheless, pursuant to § 2254(b)(2), I would still dismiss this
unexhausted claim as meritless. *See* 28 U.S.C. § 2254(b)(2)("An application for a writ
of habeas corpus may be denied on the merits, notwithstanding the failure of the
applicant to exhaust the remedies available in the courts of the State"). It is well-settled
that a defendant has the burden to prove all facts in support of his ineffective
assistance of counsel claim. *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3d Cir. 1996). In
order to sustain an ineffective assistance of counsel claim, a petitioner must make
concrete allegations of actual prejudice and substantiate them or risk summary
dismissal. *See Wells v. Petsock*, 941 F. 2d 253, 259-260; *Dooley v. Petsock*, 816 F.2d
885, 891-92 (1987). Here, Norton's vague and unsupported statement that his "public
defender would not open his mouth" does not satisfy his burden to prove all facts
supporting his assertion that his counsel provided ineffective assistance.

Norton's failure to establish cause obviates the need to reach the issue of prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986).

Additionally, Norton has not demonstrated that he is actually innocent, thereby failing to satisfy the miscarriage of justice exception to the procedural default doctrine. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004) (holding that, in order to establish actual innocence sufficient to demonstrate a miscarriage of justice, a petitioner must assert "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial.").   Thus, I will dismiss Claim One as procedurally barred from federal habeas review.

## B.    Claims Two, Three, and Four are Moot

Pursuant to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990);  *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002) (finding that an actual controversy must exist during all stages of litigation); *DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005) (the mootness "principle derives from the case or controversy requirement of Article III of the Constitution").   In other words, a court does not have jurisdiction to review moot claims. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("mootness is a jurisdictional question");  *Chong v. District Director, INS*, 264 F.3d 378, 383-84 (3d Cir. 2001).

A case becomes moot if the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481

(1984) (internal citations omitted); *see also Lewis v. Continental Bank Corp.*, 494 U.S.
472, 477-78 (1990). Even if a case was live at its inception, an actual controversy must
exist during all stages of litigation to satisfy Article III's case or controversy requirement.
*United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002).

When a habeas petitioner challenges his underlying conviction, and he is
released during the pendency of his habeas petition, federal courts presume that "a
wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy
the injury requirement. *Spencer v. Kemna*, 523 U.S. 1, 8 (1998); *see Steele v.
Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001). However, when a petitioner does not
challenge his conviction, the injury requirement is not presumed; the petitioner must
demonstrate that there are continuing collateral consequences stemming from the
challenged sentence "that [are] likely to be redressed by a favorable judicial decision" in
order to satisfy Article III's continuing case-or-controversy requirement. *Spencer*, 523
U.S. at 7; *Chong*, 264 F.3d at 384.

In Claims Two, Three, and Four, Norton does not  not challenge the legality of
his conviction or sentence. He only contends that prison officials have failed to release
him from Level V incarceration, and that he has not been able to obtain work because
he is not in Wilmington. Consequently, I can only review these claims if there are
continuing collateral consequences stemming from his continued incarceration at Level
V that can be redressed with a favorable opinion.

The record reveals that Norton has already obtained his requested relief: he has
been released from Level V incarceration. He filed his habeas petition on December 5,

9

2003.   He also filed two letters with the Delaware Superior Court on December 3, 2003, and on December 22, 2003, asking for the same relief.  On December 23, 2003, the Superior Court modified Norton's sentence, and immediately suspended his Level V incarceration for Level III supervision.   Finally, starting February 4, 2004,  Norton was permitted to participate in the work referral program.  (D.I. 9, Del. Super. Ct. Dkt. No. 43.)   Accordingly, these claims are moot.  *See  Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot") .

## V.    CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability.  *See* Third Circuit Local Appellate Rule 22.2.  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2);  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find the following debatable: (1) whether the petition states a valid claim of the

denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

I conclude that Norton's Petition must be dismissed because three claims are moot and one claim is procedurally barred from federal habeas review. Reasonable jurists would not find this conclusion unreasonable. Consequently, Norton has failed to make a substantial showing of the denial of a constitutional right, and I decline to issue a certificate of appealability.

## VI.    CONCLUSION

For the foregoing reasons, I will dismiss Norton's Petition. I also find no basis for the issuance of a certificate of appealability. An appropriate Order will follow.